## KINGS COUNTY COURT.

### RUFUS K. TERRY agt. PETER H. HULTZ.

A *county judge* has no power to make an order for the examination of a third party, under § 292, &c., of the Code, in proceedings supplementary to execution, upon a judgment recovered in the supreme court, unless an execution has been issued upon the judgment *to his county*.

The fact that an execution has been issued to an adjoining county, where the judgment debtor resides, does not alter the case.

*March Term,* 1870.

SUPPLEMENTARY proceedings before county judge, of Kings county.

TROY, J—On an affidavit that judgment was recovered by the above named plaintiff, against the above named defendant, on the 7th day of February, 1870, in the supreme court, for $5,107.19, and the judgment roll filed on that day in the office of the clerk of the county of Kings, and that execution thereon was duly issued to the sheriff of the county of Queens, where the judgment debtor resided at the time of issuing such execution, and still so resides; that said execution had been returned unsatisfied, and that George Averill, residing in the county of Kings, was then indebted to the said judgment debtor in an amount exceeding the sum of ten dollars and also had property belonging to him: An order was made by me, requiring the said Averill to appear before me at a time specified in said order, and be examined concerning such alleged indebtedness and property. Which order having been duly served upon said Averill, he now appears and claims that the facts stated in the affidavit, do not confer jurisdiction upon the county judge of Kings county, to make the order aforesaid, for the

reason that by said affidavit it does not appear that any
execution upon said judgment was issued to the sheriff of
the said county of Kings.   The objection thus interposed,
presents a new and exceedingly important question, which,
in the absence of any previous reported decision upon the
subject, must be determined by reference to the provisions
of the statute alone.

Section 292 of the Code, provides that "When an ex-
ecution against property of the judgment debtor, or of any
one of several debtors in the same judgment, issued to
the sheriff of the county where he resides or has a place
of business, or if he do not reside in the state, to the sheriff
of the county where a judgment roll or a transcript of a
justice's judgment for twenty-five dollars or upwards, ex-
clusive of costs, is filed, is returned unsatisfied in whole
or in part, the judgment creditor at any time after such
return made, is entitled to an order from a judge of the
court, or a county judge of the county to which the ex-
ecution was issued, or a judge of the court of common
pleas for the city and county of New York, when the
execution was issued to such city and county, requiring
such judgment debtor to appear," &c.

Section 294 of the Code, provides that "After the
issuing or return of an execution against property of the
judgment debtor, or of any one of several debtors in the
same judgment, and upon an affidavit that any person or
corporation has property of such judgment debtor, or is in-
debted to him in an amount exceeding the sum of ten
dollars, the judge may, by an order, require such person or
corporation, or any officer or member thereof, to appear at
a specified time and place, and answer concerning the same.
The judge may also, in his discretion, require notice of such
proceeding to be given to any party, &c.

It will be observed that this latter section does not
designate the officer by whom the order may be made,
except as "the judge," and the same language is used

Terry agt. Hultz.

throughout the whole of the rest of the second chapter of the ninth title of the Code, which relates exclusively to proceedings supplementary to execution; hence the question arises, in this case, as to what "judge" is intended, and who may make an order for the examination of a third person indebted to, and having property belonging to a judgment debtor, as provided by section 294.

There can be no doubt, inasmuch as the whole chapter relates to the same subject that the provisions thereof, subsequent to the first section (292,) "referring to the judge" who may make the order, evidently intends to relate to some judge previously described, and we must look therefore, to section 292 to ascertain what judges are therein designated.

We find by this latter section that jurisdiction is conferred only upon "a judge of the court, or a county judge of the county to which the execution was issued, or a judge of the court of common pleas for the city and county of New York, when the execution was issued to such county." These are the only officers before whom proceedings of this nature can be institued.

Taking section 292 of the Code then in connection with section 294, I am satisfied that a county judge has no power to make an order for the examination of a third party in proceedings supplementary to execution upon a judgment recovered in the supreme court, unless an execution has been issued upon such judgment to his county. And the fact that such execution has been issued to a different county, where the judgment debtor resides, as in this case, does not affect the result.

I must hold, therefore, that the affidavit in this case confers no jurisdiction upon me, to make the order obtained, and the same is accordingly dismissed.